UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANA D. ROJAS
and other similarly situated individuals,

    Plaintiff(s),

v.

LINEN USA, LLC,
AJAM SERVICES LLC
DANIEL E. CANELO,
and AURI B. MATEO, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff ANA D. ROJAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants LINEN USA, LLC, AJAM SERVICES LLC, DANIEL E. CANELO, and AURI B. MATEO, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ANA D. ROJAS is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendants LINEN USA, LLC, and AJAM SERVICES LLC are Florida corporations, having the same place of business in Dade County, Florida. Both Defendants

operate the same dry-cleaning business at the same location. At all times, Defendants were engaged in interstate commerce.

4. Hereinafter, LINEN USA, LLC and AJAM SERVICES LLC will be called collectively LINEN USA, or Defendant.

5. The individual Defendants DANIEL E. CANELO and AURI B. MATEO are the owners/partners and managers of Defendant Corporation LINEN USA. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

6. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff ANA D. ROJAS as a collective action to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2019 (the "material time"), without being adequately compensated.

8. Corporate Defendant LINEN USA is a dry-cleaning establishment that provides laundry services to commercial accounts. Defendants have corporate offices in Dade County and laundry facilities at 7601 NW 6 CT, Miami, Florida 33150, where Plaintiff and other similarly situated worked.

9. Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO employed Plaintiff ANA D. ROJAS as a non-exempted, full-time laundry attendant, from approximately July 15, 2019, to the present, March 05, 2021. Plaintiff continues employed by Defendants. This period of employment represents 85 relevant weeks.

10. Plaintiff has duties as a regular laundry employee, including commercial laundry sorting, washing, drying, ironing, repairing work, folding, packing, etc.

11. During her employment with Defendants, Plaintiff has been paid at the wage rate of $8.00 an hour or less.

12. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid at the minimum wage rate as required by law, and she was not paid for overtime hours either.

13. Plaintiff worked for Defendants as follows:

14. <u>1.- From July 15, 2019, to December 31, 2019, or 24 weeks,</u>

    Plaintiff had a regular schedule, and she worked five days per week from 7:00 AM to 5:00 PM (10 hours daily). Plaintiff completed a minimum of 50 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, and she was not paid for overtime hours.

15. <u>2.- From January 01, 2020, to November 30, 2020, or 48 weeks.</u>

    Plaintiff had a regular schedule, and she worked six days per week from 6:30 AM to 6:00 PM (11.5 hours daily). Plaintiff completed a minimum of 69 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, and she was not paid for overtime hours.

16. <u>3.- From December 01, 2020, to March 05, 2021, or 13 weeks.</u>

Plaintiff had a regular schedule, and she worked 7 days per week from 7:00 AM to 8:00 PM (13 hours daily). Plaintiff completed a minimum of 91 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, and she was not paid for overtime hours.

17. Plaintiff always worked more than 40 hours every week, but she was not paid at the correct minimum wage. Sometimes, Defendants did not pay her for all her hours worked. Defendants paid Plaintiff for almost all her working hours, but at her regular rate. However, Defendants did not pay Plaintiff for overtime hours.

18. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

20. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint when Defendants produce time and payment records.

21. Plaintiff complained to the owners of the business and demanded to be paid for all her regular hours. She also requested to be paid for overtime hours, but she always received the same answer: "We don't pay overtime here."

22. Plaintiff ANA D. ROJAS intends to recover minimum wages for regular hours, overtime pay for hours accumulated during her time of employment, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to their unlawful payroll practices and procedures and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

24. Plaintiff ANA D. ROJAS re-adopts every factual allegation as stated in paragraphs 1-23 above as set out in full herein.

25. This cause of action is brought by Plaintiff ANA D. ROJAS as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant LINEN USA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon

information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO employed Plaintiff ANA D. ROJAS as a non-exempted, full-time laundry attendant, from approximately July 15, 2019, to the present, March 05, 2021. Plaintiff continues employed by Defendants. This period of employment represents 85 weeks.

29. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for overtime hours.

30. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint accordingly when Defendants produce time and payment records.

31. <u>1.- From July 15, 2019, to December 31, 2019, or 24 weeks,</u>

    Plaintiff had a regular schedule, and she worked five days per week from 7:00 AM to 5:00 PM (10 hours daily). Plaintiff completed a minimum of 50 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, but she was not paid for overtime hours.

32. <u>2.- From January 01, 2020, to November 30, 2020, or 48 weeks.</u>

Plaintiff had a regular schedule, and she worked six days per week from 6:30 AM to 6:00 PM (11.5 hours daily).  Plaintiff completed a minimum of 69 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, but she was not paid for overtime hours.

33. 3.- From December 01, 2020, to March 05, 2021, or 13 weeks.

    Plaintiff had a regular schedule, and she worked seven days per week from 7:00 AM to 8:00 PM (13 hours daily).  Plaintiff completed a minimum of 91 working hours weekly. She was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $8.00 or less per hour, and she was not paid for overtime hours.

34. Plaintiff always worked more than 40 hours every week, but Defendants failed to pay her for overtime hours.

35. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

40. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on preliminary calculations and these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.
*Florida minimum is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Nine Thousand Seven Hundred Forty Dollars and 34/100 ($9,740.34)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  85 weeks
   Total relevant weeks of employment: 85 weeks

   <u>1.- From July 15, 2019, to December 31, 2019, or 24 weeks,</u>

   <u>T</u>otal number of relevant weeks: 24 weeks
   Total number of hours worked: 50 weekly average
   Total O/T hours: 10 hours weekly
   Regular rate:  $8.00 an hour
   Fl Minimum wage 2019: $8.46 x 1.5=$12.69 O/T rate
   O/T rate $12.69-$8.00 rate paid=$4.69 an hour half-time difference

   Half-time O/T rate $4.69 x 10 O/T hours=$46.90 weekly x 24 weeks=$1,125.60

   <u>2.- From January 01, 2020, to November 30, 2020, or 48 weeks.</u>

   Total number of relevant weeks: 48 weeks
   Total number of hours worked: 69 weekly average
   Total O/T hours: 29 hours weekly

      Regular rate:  $8.00 an hour
      Fl Minimum wage 2020: $8.56 x 1.5=$12.84 O/T rate
      O/T rate $12.84-$8.00 rate paid=$4.84 an hour half-time difference

      Half-time O/T rate $4.84 x 29 O/T hours=$140.36 weekly x 48 weeks=$6,737.28

      <u>3.- From December 01, 2020, to March 05, 2021, or 13 weeks.</u>

      Total number of relevant weeks: 13 weeks
      Total number of hours worked: 91 weekly average
      Total O/T hours: 51 hours weekly
      Regular rate:  $8.00 an hour
      Fl Minimum wage 2021: $8.65 x 1.5=$12.98 O/T rate
      O/T rate $12.98-$8.00 rate paid=$4.98 an hour half-time difference

      Half-time O/T rate $4.98 x 29 O/T hours=$144.42 weekly x 13 weeks=$1,877.46

      Total #1, #2, and #3: $9,740.34

   a. <u>Nature of wages:</u>

      This amount represents unpaid half-time overtime based on Florida minimum wage rate.

42. At all times material hereto, the Employer/Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

44. At times mentioned, individual Defendants DANIEL E. CANELO and AURI B. MATEO were the owners/partners and managers of LINEN USA. The individual Defendants

DANIEL E. CANELO and AURI B. MATEO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in LINEN USA's interests, concerning its employees, including Plaintiff and others similarly situated. Defendants DANIEL E. CANELO and AURI B. MATEO had financial and operational control of the business. They determined the terms and working conditions of Plaintiff and other similarly situated employees. They are jointly and severally liable for Plaintiff's damages.

45. Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States' law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANA D. ROJAS and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANA D. ROJAS and other similarly situated and against the Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANA D. ROJAS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

47. Plaintiff ANA D, ROJAS re-adopts every factual allegation as stated in paragraphs 1-23 of this Complaint as if set out in full herein.

48. This action is brought by Plaintiff ANA D, ROJAS and those similarly situated to recover from the Employer LINEN USA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

49. Defendant LINEN USA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce. to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

51. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

52. Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO employed Plaintiff ANA D. ROJAS as a non-exempted, full-time laundry attendant, from approximately July 15, 2019, to the present, March 05, 2021. Plaintiff continues employed by Defendants. This period of employment represents 85 weeks.

53. Plaintiff has duties as a regular laundry employee, including commercial laundry sorting, washing, drying, ironing, repairing work, folding, packing, etc.

54. During her employment with Defendants, Plaintiff has been paid at the wage rate of $8.00 an hour or less.

55. While employed by Defendants, Plaintiff worked more than 40 hours every week. However, she was not paid at the minimum wage rate as required by law.

56. Plaintiff worked for Defendants as follows:

57. <u>1.- From July 15, 2019, to December 31, 2019, or 24 weeks,</u>

    Plaintiff had a regular schedule, and she worked five days per week, a total of 50 working hours weekly. She was unable to take bonafide lunch periods.

58. <u>2.- From January 01, 2020, to November 30, 2020, or 48 weeks.</u>

    Plaintiff had a regular schedule, and she worked six days per week, a total of 69 working hours weekly. She was unable to take bonafide lunch periods.

59. <u>3.- From December 01, 2020, to March 05, 2021, or 13 weeks.</u>

    Plaintiff had a regular schedule, and she worked seven days per week, a total of 91 working hours weekly. She was unable to take bonafide lunch periods.

60. Plaintiff always worked more than 40 hours every week, but she was not paid the correct minimum wage. Sometimes, Defendants did not pay Plaintiff for all her hours worked at any rate, not even the minimum wage rate. Defendants paid Plaintiff for almost all her working hours, but at $8.00 or less. Plaintiff was not paid the mandatory minimum wages for a substantial number of hours.

61. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

63. The records, if any, concerning the number of hours worked by Plaintiff ANA D, ROJAS, and all other similarly situated employees, and the compensation paid to such employees

should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

64. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

66. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

67. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Three Thousand One Hundred Seventy-Five Dollars and 67/100 ($3,175.67)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment: 85 weeks
      Total relevant weeks:  85 weeks

      <u>1.- Minimum wages from July 15, 2019, to December 31, 2019, or 24 weeks,</u>

      Total number of relevant weeks: 24 weeks
      Total number of hours worked: 50 hours weekly average
      Regular rate:  $8.00 an hour
      Fl Minimum wage 2019: $8.46 - $8.00 rate paid= $0.46 Min. wage difference

      Min. wage difference $0.46 x 50 hours=$23.00 weekly x 24 weeks=$552.00

      <u>2.- From January 01, 2020, to November 30, 2020, or 48 weeks.</u>

Total number of relevant weeks: 48 weeks
Total number of hours worked: 69 hours weekly average
Regular rate: $8.00 an hour
Fl Minimum wage 2020: $8.56 - $8.00 rate paid=$0.56 Min. wage difference

Min. wage difference $0.56 x 69 hours=$38.64 weekly x 48 weeks=$1,854.72

3.- From December 01, 2020, to March 05, 2021, or 13 weeks.

Total number of relevant weeks: 13 weeks
Total number of hours worked: 91 hours weekly average
Regular rate: $8.00 an hour
Fl Minimum wage 2021: $8.65 - $8.00 rate paid=$0.65 Min. wage difference

Min. wage difference $0.65 x 91 hours=$59.15 weekly x 13 weeks=$768.95

Total #1, #2, and #3: $3,175.67

c. Nature of wages:

This amount represents unpaid minimum wages at the Florida minimum wage rate.

68. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

69. At times mentioned, individual Defendants DANIEL E. CANELO and AURI B. MATEO were the owners/partners and managers of LINEN USA. The individual Defendants DANIEL E. CANELO, and AURI B. MATEO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in LINEN USA's

interests, in relation to its employees, including Plaintiff and others similarly situated. Defendants DANIEL E. CANELO and AURI B. MATEO had financial and operational control of the business. They determined the terms and working conditions of Plaintiff and other similarly situated employees. They are jointly and severally liable for Plaintiff's damages.

70. Defendants LINEN USA, DANIEL E. CANELO, and AURI B. MATEO willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.  Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANA D, ROJAS, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANA D. ROJAS and against the Defendants LINEN USA, DANIEL E. CANELO and AURI B. MATEO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANA D. ROJAS, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  March 22, 2021

                                               Respectfully submitted,

                                          By: **/s/ Zandro E. Palma**
                                          ZANDRO E. PALMA, P.A.
                                          Florida Bar No.: 0024031
                                          9100 S. Dadeland Blvd.
                                          Suite 1500
                                          Miami, FL 33156
                                          Telephone: (305) 446-1500
                                          Facsimile:  (305) 446-1502
                                          zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*