UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-21095-CIV-COOKE

ANA D. ROJAS,

    Plaintiff,

v.

LINEN USA, LLC.,
AJAM SERVICES, LLC.,
DANIEL E. CANELO, individually,
and AURI B. MATEO, individually,

    Defendants,
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, ANA D. ROJAS, (hereinafter, "Plaintiff"), and Defendants, LINEN USA, LLC., AJAM SERVICES, LLC., DANIEL E. CANELO and AURI B. MATEO (hereinafter, collectively as "Defendants"), by and through undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendants have denied any and all liability with regards to Plaintiff's claims, including the amount of alleged unpaid overtime and minimum wage compensation in this action and assert that Plaintiff was at all times properly compensated under the FLSA.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for the allegedly owed overtime and wage payments to Plaintiff, or for any

other violations of the FLSA, they have ultimately agreed to pay Plaintiff in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti,* 715 F. Supp.2d at 1228[1]; see also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime and minimum wages under the FLSA.

2. After extensive negotiations held from the onset of this action, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs, which were negotiated separate and apart.

3. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective estimates of Plaintiff's underlying claims and her claims for attorneys' fees and costs, the parties negotiated the settlement amount herein.

4. In settlement, Plaintiff ANA D. ROJAS, will be paid a total of $9,000.00 as full relief and

compensation of any alleged unpaid wages, liquidated damages and any other claims she may have against Defendants under the FLSA. From the total amount of $9,000.00, $4,500.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid wages"; and $4,500.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages". The parties agree that upon careful review of Plaintiff's dates of alleged employment; hours and weeks which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

5. Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked, including overtime; whether or not Plaintiff was properly compensated minimum wages under the law; and whether or not any alleged violations of the FLSA, if any, were willful. Consequentially, Plaintiff could have been barred from any recovery in this matter whatsoever with regards to her claims for unpaid overtime and minimum wages had Defendants prevailed on their defenses.

6. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving nearly full compensation for her unpaid overtime and minimum wage claims without liquidation; Plaintiff's claims are highly disputed; the issues of material fact which are in dispute; and the fact that Plaintiff could be barred from recovery in this matter should defendants prevail on their defenses. Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mater

      to trial. This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

7. Separate and apart, Plaintiff's counsel shall receive $5,500.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and review of all settlement documents. Plaintiff's counsel, who has 15 years of experience litigating employment related matters, charges an hourly rate of $400.00 effective as of January 1st, 2021. Plaintiff's counsel's previous hourly rate of $375.00 had been consistently approved and deemed reasonable by this Court as well as Courts in the Middle and Northern Districts of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.") Plaintiff's counsel has expended over 13 hours on this matter to date, which includes time spent engaging in informal discovery, attorney-client communications, settlement negotiations, and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

8. As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, this Honorable Court should find that the

settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

9. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

10. The attached agreement includes every term and condition of the parties' settlement.

11. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

12. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

13. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and deny any pending motions as moot.

DATED this 30st day of April 2021.

Respectfully submitted,

*/s/Zandro E. Palma*
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone No.: (305) 446-1500
Facsimile No.: (305) 446-1502
zep@ThePalmaLawGroup.com
*Attorney for Plaintiff*

*/s/Vidal M. Velis*
Vidal M. Velis, Esq.
Florida Bar No.: 382752
**VELIS & ASSOCIATES, P.A.**
7151 Taft Street
Hollywood, FL 33024
Telephone: (305) 632-9988

E-mail: velislaw@gmail.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-21095-CIV-COOKE

ANA D. ROJAS,

    Plaintiff,

v.

LINEN USA, LLC.,
AJAM SERVICES, LLC.,
DANIEL E. CANELO, individually,
and AURI B. MATEO, individually,

    Defendants,
_____/

**ORDER GRANTING JOINT MOTION TO**
**APPROVE THE PARTIES' SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is hereby **APPROVED**. It is further ordered that this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement become necessary.

**DONE AND ORDERED** in Chambers, in Miami-Dade, Florida this _____ day of April, 2021.

                                                          _____
                                                          **MARCIA G. COOKE**
                                                          **UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record